1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11    JACOB RAY CORONADO,                    )   Case No.: 1:14-cv-01455 - --- - JLT
                                             )
12              Plaintiff,                   )   ORDER DIRECTING THE CLERK OF COURT TO
                                             )   ASSIGN A DISTRICT JUDGE TO THIS ACTION
13         v.                                )
                                             )   FINDINGS AND RECOMMENDATIONS
14    RICHARD E. HUBER, et al.,              )   DENYING PLAINTIFF'S MOTION TO PROCEED
                                             )   IN FORMA PAUPERIS AND DISMISSING THE
15              Defendant.                   )   COMPLAINT WITHOUT LEAVE TO AMEND
                                             )
16    _____       )

17              Plaintiff Jacob Ray Coronado initiated this action by filing a complaint and a motion to

18    proceed *in forma pauperis* on September 18, 2014.  (Docs. 1-2.)  Because Plaintiff is unable to state a

19    claim upon which relief may be granted by this Court, is recommended that Plaintiff's motion to

20    proceed *in forma pauperis* be **DENIED** and the complaint be **DISMISSED** without leave to amend.

21    **I.        Motion to Proceed In Forma Pauperis**

22              As a general rule, all parties instituting any civil action, suit or proceeding in a United States

23    District Court must pay a filing fee.  28 U.S.C. § 1914(a).  However, the Court may authorize the

24    commencement of an action "without prepayment of fees and costs of security therefor, by a person

25    who submits an affidavit that . . . the person is unable to pay such fees or give security therefor."   28

26    U.S.C. § 1915(a)(1).  Therefore, an action may proceed despite a failure to prepay the filing fee only if

27    leave to proceed *in forma pauperis* is granted by the Court.  *See Rodriguez v. Cook*, 169 F.3d 1178,

28    1177 (9th Cir. 1999).

                                             1

The Ninth Circuit has held "permission to proceed in forma pauperis is itself a matter of privilege and not a right; denial of an informa pauperis status does not violate the applicant's right to due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (citing *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963)).  In addition, the Court has broad discretion to grant or deny a motion to proceed IFP.  *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Weller, 314 F.2d at 600-01*.  In making a determination, the court "must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe*, 586 F.Supp. 848, 850 (D.R.I. 1984).

Here, the Court recommends Plaintiff's application to proceed IFP be denied because, as discussed below, the complaint fails to state a meritorious claim upon which relief may be granted. *See* 28 U.S.C.§ 1915(e)(2).

## II.     Screening Requirement

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. 1915(e)(2).  A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III.    Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).  The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Further, a

2

plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).  Conclusory and vague allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation].  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 129 S. Ct. at 1949 (citations omitted).  When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth.  *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid."  28 U.S.C. § 1915e(2).  Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)).  However, leave to amend a complaint may be granted to the extent deficiencies of the complaint can be cured by an amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## IV.	Discussion and Analysis

Plaintiff alleges he has been deprived of his legal property related to the estate of Jessie Marie MacCrone, also known as J.J. Coronado.  (Doc. 1 at 3-4.)  He asserts that Defendants Margarita Saiza, sister-in-law of the decedent, and John Coronado, the decedent's eldest son, "acted in concert to appoint Defendant, Richard E. Huber as Successor Trustee to the Jessie M. MacCrone Estate."  (*Id.* at

3

4.)  Plaintiff reports that Huber was appointed by the Superior Court of California, County of Madera as the Successor Trustee to the MacCrone Estate following the filing of a declaration by Defendant Margarita Saiza in support of a petition for appointment.  (*Id.* at 7-6.)

According to Plaintiff, the state court erred in appointing Huber as trustee because the petition and declaration failed to "meet the legal requirements of California Probate Code § 810.(a)(b)(c) in determining that any of the beneficiaries listed in the MacCrone Estate were mentally incapacitated to the extent of being incapable of consenting to agree or being consulted in legal matters pertaing (sic) to the Estate."  (Doc. 1 at 7.)  Plaintiff believes Huber acted without the proper legal authority in distributing the assets of the estate.  (*Id.* at 6-7.)  Therefore, Plaintiff asserts the defendants are liable for a violation of the Fourteenth Amendment for the deprivation "of his legal property related to Financial, Real Estate, and Real Property listed in the J.M. MacCrone Estate."  (*Id.* at 3.)

### A.    Section 1983 Claims

Plaintiff seeks to state a claim pursuant to 42 U.S.C. § 1983, which "is a method for vindicating federal rights elsewhere conferred."  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  An individual may bring a civil rights action pursuant to Section 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  A plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

Significantly, "private parties are not generally acting under color of state law." *Price v. Hawaii*, 939 F.2d 702, 707-09 (9th Cir. 1991); *see also Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) ("Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes.").  Because Plaintiff has not alleged facts sufficient to support a finding that Defendants acted under color of state law to deprive him of a constitutional right, he has not state a cognizable claim for a violation of Section 1983.  Accordingly, the Court recommends this claim be **DISMISSED**.

4

1

    **B.**    **The *Rooker-Feldman* Doctrine**

2

    Because Plaintiff challenges the appointment of defendant Huber as the estate trustee and the

3

administration of the estate, the Court lacks jurisdiction over his claims.  Under the *Rooker-Feldman*

4

doctrine, a party may not seek appellate review in federal court of a decision made by a state court. *See*

5

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462

6

(1983). The Ninth Circuit explained,

7

        Typically, the *Rooker-Feldman* doctrine bars federal courts from exercising subject-
matter jurisdiction over a proceeding in which a party losing in state court seeks what

8

        in substance would be appellate review of the state judgment in a United States district
court, based on the losing party's claim that the state judgment itself violates the losers'

9

        federal rights.

10

*Doe v. Mann*, 415 F.3d 1038, 1041-42 (9th Cir. 2005); *see also Exxon Mobil Corp. v. Saudi Basic*

11

*Indus. Corp.*, 544 U.S. 280, 284 (2005) (the *Rooker-Feldman* doctrine precludes a district court from

12

appellate review of "cases brought by state-court losers complaining of injuries caused by state-court

13

judgments rendered before the district court proceeding commenced . . .").  Accordingly, the district

14

court lacks jurisdiction over "claims . . . 'inextricably intertwined' with the state court's decision such

15

that the adjudication of the federal claims would undercut the state ruling." *Bianchi v. Rylaarsdam*, 334

16

F.3d 895, 898 (9th Cir. 2003) (citing *Feldman*, 460 U.S. at 483, 485)).

17

    Where a plaintiff challenges either the appointment of a trustee by the state court or the

18

administration of an estate, the district court lacks jurisdiction to provide any relief.  As the Supreme

19

Court explained, state probate courts retain jurisdiction over "the probate or annulment of a will and the

20

administration of a decedent's estate," which "precludes federal courts from endeavoring to dispose of

21

property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 311-12,

22

(2006); *see also Lefkowitz v. Bank of New York,* 528 F.3d 102, 107 (2d Cir. 2007) (holding the district

23

court lacked jurisdiction over maladministration claims).  Accordingly, pursuant to the *Rooker-*

24

*Feldman* doctrine, the Court is unable to grant Plaintiff relief related to the appointment of Huber as the

25

estate trustee and the administration of the estate.

26

**V.**    **Conclusion**

27

    A plaintiff should be granted leave to amend when the deficiencies of the complaint can be

28

cured by amendment. *Lopez*, 203 F.3d at 1130.  Because the Court is unable to grant relief pursuant to

the *Rooker-Feldman* doctrine, Plaintiff is unable to state a claim upon which relief can be granted. Accordingly, leave to amend to amend would be futile. *Id.* (dismissal of a *pro se* complaint for failure to state a claim is proper where it is obvious that the plaintiff cannot prevail on the facts that she has alleged and that an opportunity to amend would be futile); *see also Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

## ORDER

Good cause appearing, the Clerk of Court is DIRECTED to assign a United States District Judge to this action.

## FINDINGS AND RECOMMENDATIONS

Based upon the foregoing, the Court **RECOMMENDS**:

1.     Plaintiff's motion to proceed in forma pauperis be **DENIED**;

2.     Plaintiff's complaint be **DISMISSED without leave to amend**; and

3.     The Clerk of Court be DIRECTED to close the action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   __**October 15, 2014**__          _____**/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE

6